## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MARTINSVILLE CORRAL, INC d/b/a | &#124; | |
| MARTINSVILLE TEXAS CORRAL, | &#124; | |
| VICTOR A. SPINA AND | &#124; | |
| WILLIAM SPINA, | &#124; | |
|      Plaintiffs, | &#124; | |
| | &#124; | |
|   v. | &#124; | Case No. 1:17-cv-3103-_____ |
| | &#124; | |
| SOCIETY INSURANCE, | &#124; | |
|      Defendants. | &#124; | |

## NOTICE OF REMOVAL

The defendant, Society Insurance, a mutual company, improperly identified in the caption as Society Insurance ("Society"), by counsel, hereby submits its Notice of Removal of this case currently pending in the Marion County Superior Court, Civil Division 3, pursuant to 28 U.S.C. § 1441 and states the following:

1.     On or about August 11, 2016, Plaintiffs Martinsville Corral, Inc. d/b/a/ Martinsville Texas Corral ("MCI"), Victor A. Spina, and William Spina filed suit against Society in the Marion County Superior Court 7, entitled *Martinsville Corral. Inc. d/b/a/ Martinsville Texas Corral, et. al. v. Society Insurance*, under Cause No. 49D07-1608-PL-29874. See Complaint, attached hereto as Ex. A. Plaintiffs alleged that Society failed to provide a defense to Plaintiffs in a lawsuit filed against Plaintiffs by DirecTV (the "DirecTV Action").

2.     Society removed Cause No. 49D07-1608-PL-29874 to the U.S. District Court for the Southern District of Indiana (Indianapolis Division).  The case was assigned to U.S. District Judge Larry J. McKinney under Case No. 1:16-cv-02487 (the "Federal Action").

1

3.      The Federal Action alleged six counts against Society under a commercial liability insurance policy (the "Policy"):  (1) breach of contract; (2) tortious breach of duty to defend; (3) tortious breach of duty to indemnify; (4) breach of fiduciary duty; (5) breach of duty of good faith and fair dealing; and (6) injunctive relief.

4.      On October 12, 2016, Society attached a copy of the Policy to its Answer, which included an Employment-Related Practices Liability Endorsement.

5.      On April 11, 2017, Society and Plaintiffs entered into a Confidential Settlement Agreement ("Settlement Agreement") in which the parties agreed that Counts II through V of the Federal Action complaint and any claim for bad faith alleged in Count I would be dismissed with prejudice.  (1:16-cv-02487, Dkt. No. 29, Stipulation of Partial Dismissal.)  The only claim that MCI was permitted to pursue was the duty to defend claim in Count I (excluding the bad faith component of that claim).  (*Id.*)  The Court entered an Order to that effect on May 15, 2017 pursuant to Fed. R. Civ. P. 41(a)(2).  (*Id.* at Dkt. No. 30, Order Granting Partial Dismissal.)

6.      The DirecTV Action was dismissed on May 9, 2017.  (*Id.* at Dkt. No. 34-1, ¶ 18, Proposed First Amended Complaint.)

7.      On May 19, 2017, Plaintiffs tendered the defense of the DirecTV Action to Society under the Employment-Related Practices Endorsement. (*Id.* at Dkt. No. 34-1, ¶ 14.) Society denied tender on May 31, 2017. (*Id.* at Dkt. No. 34-1, ¶ 19.)

8.      On June 6, 2017, Plaintiffs attempted to amend their complaint in the Federal Action to resurrect the dismissed counts against Society under the guise of a new theory of coverage based on the Employment-Related Practices Endorsement. (*Id.* at Dkt. No. 34, Motion to Amend and Proposed First Amended Complaint, attached hereto as Ex. B.) Importantly, that

proposed amended complaint alleged that the amount in controversy exceeded $75,000. (*Id.* at Dkt. No. 34-1, ¶ 5.)

9.     On July 13, 2017, the court denied Plaintiffs' Motion for Leave to File First Amended Complaint based, in part, on the fact that Plaintiffs had the Employment-Related Practices Endorsement for many months, but failed to make a claim under the endorsement until after the settlement agreement was signed. (*Id.* at Dkt. No. 53, Order, attached hereto as Ex C.)

10.    Plaintiff did not appeal the court's ruling in the Federal Action and, instead, filed a new complaint in Indiana Superior Court.  The new Complaint alleges the same causes of action as Plaintiffs sought to allege in the Federal Action.

11.    The new Complaint seeks the exact same damages at issue in the Federal Action (damages for allegedly breaching the duty to defend) *plus* extra-contractual damages.  Despite seeking the same damages (and more), and despite representing in the Federal Action that their damages exceed $75,000, Plaintiffs now allege in the new complaint that their damages total less than $75,000.

12.    Service of process was made on Society on or about August 17, 2017.

13.    The Complaint stated that Plaintiff MCI is incorporated in Indiana with its principal place of business in Martinsville, Indiana. See Ex. D: Indiana Sec. of State record for MCI. Pursuant to 28 U.S.C. § 1332(c)(l), MCI is a citizen of Indiana.

14.    Plaintiff Victor A. Spina is a citizen of the State of Indiana.

15.    Plaintiff William Spina is a citizen of the state of Indiana.

16.    Defendant Society is an insurance company organized under the laws in the State of Wisconsin and has its principal place of business in the State of Wisconsin. See Ex E: Affidavit. Pursuant to 28 U.S.C. § 1332(c)(l), Society is a citizen of Wisconsin.

17.     Plaintiffs MCI, Victor Spina, and William Spina, and Defendant Society are citizens of different states pursuant to 28 U.S.C. § 1332(a)(l).

18.     The amount in controversy, exclusive of interest or costs is specifically alleged in the Complaint as seeking less than $75,000 in damages. However, the following facts are known:

    a.     This case arises from the exact same underlying factual circumstances as the Federal Action and Plaintiffs have asserted the **same duty to defend damages** in the Federal Action and in the new Complaint.  Plaintiffs also assert extra-contractual damages in the new Complaint, but not in the Federal Action.

    b.     Plaintiffs have represented in the Federal Action that their damages are in excess of $75,000.  Despite alleging the same and more damages in the new Complaint, Plaintiffs purposefully alleged an amount in controversy under the $75,000 threshold in an attempt to prevent Society from removing this diverse case to federal court.

    c.     Plaintiffs cannot set the amount in controversy to avoid the jurisdiction of the federal courts.

    d.     The standard for determining the amount in controversy is legal impossibility. *Keeling v. Esurance Ins. Co.,* 660 F.3d 273, 274 (7th Cir. 2011) (citing *St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 289, 58 S.Ct. 586, 82 L.Ed. 845 (1938); *Back Doctors Ltd. v. Metropolitan Property & Casualty Insurance Co.,* 637 F.3d 827 (7th Cir. 2011). "A removing party need not show that the plaintiff will prevail or collect more than $75,000 if he does. The burden, rather, is to show what the plaintiff

4

hopes to get out of the litigation; if this exceeds the jurisdictional amount, then the case proceeds in federal court unless a rule of law will keep the award under the threshold." *Rising-Moore v. Red Roof Inns, Inc.,* 435 F.3d 813, 816 (7th Cir.2006). Plaintiffs have already demonstrated that they seek more than $75,000 for the alleged damages in this case. They hope to get damages for well above $75,000, but attempt to avoid federal jurisdiction because of the adverse ruling they received on their motion for leave to amend.

    e.    In sum, based on the above facts, Defendant shows that Plaintiffs already hope to recover in excess of $75,000, and that the minimum jurisdictional amount in controversy has been met.

19.    This case is one over which this Court has original jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 because it is a civil action in which the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

20.    As this district court has original jurisdiction, this action is one which may be removed to this Court by the defendants pursuant to 28 U.S.C. § 1441(a). As stated above, Society is not a citizen of, is not incorporated in, and does not have its principal place of business in Indiana, rendering the case removable pursuant to 28 U.S.C. § 1441(b).

21.    Copies of all process, pleadings and orders served upon the defendants along with the Notice of Filing Notice of Removal which will be filed in the state court are attached to this Notice. Attachment to this Notice is not a concession as to the authenticity, admissibility, relevance or any other objection or averment defendant may wish to make.

29177972_1.DOCX

22.     This federal district court also has jurisdiction over the relief requested pursuant to 28 U.S.C. § 2201.

23.     Venue is proper in this district and division under 28 U.S.C. § 1391(a)(2), in that a substantial part of the events giving rise to the claim, as described in the complaint, occurred within this district and division.

WHEREFORE, the defendant, Society Insurance, a mutual company, by counsel, respectfully removes this case to the United States District Court for the Southern District of Indiana, Indianapolis Division.

LeBLANC NETTLES DAVIS

*/s/ Nelson A. Nettles*
J. Kirk LeBlanc, #22852-49
Nelson A. Nettles, #16820-53
Attorneys for Defendant, Society Insurance

### CERTIFICATE OF SERVICE

I certify that a copy of the foregoing has been served by electronic service, on September 6, 2017 to the following:

Paul B. Overhauser (10275-98)
Ronald G. Sentman (2109-49)
**OVERHAUSER LAW OFFICES LLC**
740 W. Green Meadows Dr., Suite 300
Greenfield, IN 46140-4019
Phone: 317-891-1500
Attorneys for Plaintiffs Martinsville Corral, Inc., d/b/a Martinsville Texas Corral, Victor A. Spina and William Spina
poverhauser@overhauser.com

*/s/ Nelson A. Nettles*
Nelson Nettles

LeBLANC NETTLES DAVIS
401 E. Main Street
Brownsburg, IN 46112
317-858-3200; Fax:  317-858-3232
kirk@indianalawgroup.com
nelson@indianalawgroup.com

29177972_1.DOCX