| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE MARION SUPERIOR COURT |
| | ) SS: | CIVIL DIVISION, ROOM |
| COUNTY OF MARION | ) | CAUSE NO. 49D__-____-PL- |

MARTINSVILLE CORRAL, INC. d/b/a )
MARTINSVILLE TEXAS CORRAL, )
VICTOR A. SPINA AND )
WILLIAM SPINA, )
    Plaintiffs, )
 )
vs. )
 )   JURY TRIAL DEMANDED
SOCIETY INSURANCE )
    Defendant. )

# COMPLAINT

Plaintiffs Martinsville Corral, Inc. d/b/a Martinsville Texas Corral ("MCI"), Victor A. Spina ("Victor") and William Spina ("William"), by counsel, for their Complaint against Defendant Society Insurance ("Society") alleges and says:

1. Plaintiff MCI is an Indiana corporation with its principal place of business located in Martinsville, Indiana.

2. Plaintiff Victor A. Spina ("Victor") is a resident of Morgan County, Indiana.

3. Plaintiff William Spina ("William") is a resident of Morgan County, Indiana.

4. Defendant Society Insurance is an insurance company with its principal place of business located in Fond du Lac, Wisconsin.

5. On December 6, 2013, Society issued to MCI a certain Businessowners Policy ("Policy"), a true and accurate copy of which is attached as <u>Exhibit A</u>.  Each of the Plaintiffs is an "insured" under the terms of the Policy.

6. On January 26, 2015, Non-Party DirecTV, LLC, a California limited liability company, initiated two actions against MCI and its principals, Victor A. Spina and William

Spina (the latter in his capacity as an officer / director / owner of MCI), in U.S. District Court For The Southern District Of Indiana captioned as <u>DirecTV, LLC v. Victor A. Spina and Martinsville Corral, Inc., d/b/a Texas Corral, a/k/a Shelbyville Texas Corral</u>, Civil Action No. 1:15-cv-104, and <u>DirecTV, LLC v. Victor A. Spina and Martinsville Corral, Inc., d/b/a Texas Corral, a/k/a Shelbyville Texas Corral</u>, Civil Action No. 1:15-cv-105 (collectively the "DirecTV Actions").  True and accurate copies of the complaints filed in the DirecTV Actions are attached as <u>Exhibit B</u> and <u>Exhibit C</u>.

7. On February 6, 2015, in <u>DirecTV, LLC v. Victor A. Spina et al.</u>, Civil Action No. 1:15-cv-104, Non-Party DirecTV filed its First Amended Complaint against MCI and Victor Spina, further specifically naming William Spina as a co-defendant.  A true and accurate copy of the First Amended Complaint is attached hereto as <u>Exhibit D</u>.

8. Plaintiffs notified Society of the DirecTV Actions, provided copies of the complaints in the DirecTV Actions to Society and requested that Society provide a defense and indemnity for the claims made in the DirecTV Actions.

9. By letter dated February 10, 2015, Society acknowledged receipt of the complaints in both DirecTV Actions but asserted that the claims were not covered by the Policy and refused to provide either a defense or indemnity for Plaintiffs.

10. Counsel for the Plaintiffs, repeatedly requested by letters, including those dated April 2, 2015, October 8, 2015, and June 27, 2016, that Society provide a defense or indemnity for Plaintiffs and repeatedly explained why the claims in the DirecTV Actions were covered under the Policy and why Society's refusal to provide a defense or indemnity was incorrect.

11. However, Society through its counsel, repeatedly refused by letter, including those dated May 14, 2015, October 13, 2015, and July 18, 2016 to acknowledge that the claims

of DirecTV were covered under the Policy and refused to provide a defense or indemnity to Plaintiffs.

12. On July 6, 2015, in the DirecTV Actions, the U.S. District Court ordered that Cause No. 1:15-cv-105-TWP-TAB be consolidated into Cause No. 1:15-cv-104-JMS-TAB for all future proceedings and that Case No. 1:15-cv-105-TWP-TAB be closed. Cause No. 1:15-cv-104-JMS-TAB remains pending.

### Count I -- Breach of Contract

13. Plaintiffs incorporate by reference Paragraphs No. 1 through 12 above as if fully set forth herein.

14. The Policy is a contract between MCI and Society. MCI is a named insured under the Policy. MCI, Victor and William are also insureds by operation of Paragraph C.1.d of the Policy.

15. Society has breached and continues to breach the Businessowners Policy by failing to investigate the claims of DirecTV, and by failing to defend and/or indemnify Plaintiffs from the claims asserted by DirecTV in the DirecTV Actions.

16. Society's breach of duty was and remains intentional and in bad faith.

17. MCI has been damaged by Society's breach.

### Count II -- Tortious Breach of Duty to Defend

18. Plaintiffs incorporate by reference Paragraphs No. 1 through 17 above as if fully set forth herein.

19. Society owes Plaintiffs a duty to defend Plaintiffs from the claims asserted by DirecTV in the DirecTV Actions.

20. Society breached its duty to defend Plaintiffs from the claims asserted by DirecTV in the DirecTV Actions.

21. Society's breach of duty was intentional and in bad faith.

22. Plaintiffs have been damaged by Society's breach.

### Count III -- Tortious Breach of Duty to Indemnify

23. Plaintiffs incorporate by reference Paragraphs No. 1 through 22 above as if fully set forth herein.

24. Society owes Plaintiffs a duty to indemnify Plaintiffs from the claims asserted by DirecTV in the DirecTV Actions.

25. Society breached its duty to indemnify Plaintiffs from the claims asserted by DirecTV in the DirecTV Actions.

26. Society's breach of duty was intentional and in bad faith.

27. Plaintiffs have been damaged by Society's breach.

### Count IV -- Breach of Fiduciary Duty

28. Plaintiffs incorporate by reference Paragraphs No. 1 through 27 above as if fully set forth herein.

29. Society owes Plaintiffs a fiduciary duty to perform its obligations related to the Policy.

30. Society breached its duty to perform its obligations related to the Policy, including but not limited to its duties to investigate DirecTV's claims and to correctly and in good faith to evaluate coverage of such claims.

31. Society's breach of duty was intentional and in bad faith.

32. Plaintiffs have been damaged by Society's breach.

### Count V -- Breach of Duty of Good Faith and Fair Dealing

33. Plaintiffs incorporate by reference Paragraphs No. 1 through 32 above as if fully set forth herein.

34. Society owes Plaintiffs a duty of good faith and fair dealing related to the Policy.

35. Society breached its duty of good faith and fair dealing related to the Policy.

36. Society's breach of duty was intentional and in bad faith.

37. Plaintiffs have been damaged by Society's breach.

### Count VI -- Injunctive Relief

38. Plaintiffs incorporate by reference Paragraphs No. 1 through 37 above as if fully set forth herein.

39. Plaintiffs cannot adequately defend themselves unless Society pays Plaintiffs previously-incurred and ongoing defense costs.

40. Plaintiffs are being irreparably harmed by Society's past and on-going breach of contract, breaches of duties to defend and indemnify, breach of fiduciary duty and breach of duty of good faith and fair dealing.

41. Plaintiffs cannot afford to litigate against DirecTV and has been unable to pay the legal invoices tendered so far. MCI purchased insurance to protect against the kind of claims presented in the DirecTV Actions. Unless Society is preliminarily and permanently enjoined from failing to reimburse and advance defense costs, Plaintiffs must choose between potentially ruinous litigation costs – a risk that MCI paid Society to cover – and being wrongfully assessed with an injunction and damages, which could later lead to execution of assets. In addition, Plaintiffs are suffering irreparable harm as long as the DirecTV Actions remain pending. The

pendency of the DirecTV Actions is a public record that adversely affects Plaintiffs' credit ratings, which in turn affects their business.

42. While there are no known Indiana cases on point, "courts have consistently held that inability to receive defense costs under a policy represents an immediate and direct injury justifying the advancement of costs" through a preliminary injunction. *Fed. Deposit Ins. Corp. v. Gálan-Álvarez*, Case 12-1029 (PAD) (D.P.R., August 17, 2015); *Great Am. Ins. Co. v. Gross*, 2005 WL 1048752, *4 (E.D.Va. May 3, 2005) (preliminary injunction compelling insurer to resume advancement of defense costs). Other courts agree. For example in *XL Specialty Ins. Co. v. Level Global Investors, L.P.*, 874 F. Supp. 2d 263, 272 (S.D.N.Y., 2012), the court stated:

> The failure to receive defense costs under a liability policy at the time they are incurred "constitutes 'an immediate and direct injury'" sufficient to satisfy the irreparable harm requirement for issuance of injunctive relief. See *In re WorldCom, Inc., Sec. Litig.*, 354 F.Supp.2d 455, 469 (S.D.N.Y.2005) (quoting *Wedtech Corp. v. Fed. Ins. Co.*, 740 F.Supp. 214, 221 (S.D.N.Y.1990)); *see also In re Adelphia Commc'ns Corp.*, No. 02–41729, 2004 WL 2186582, at *6–7, 2004 U.S. Dist. LEXIS 19478, at *21–22 (S.D.N.Y. Sept. 27, 2004) (upholding, despite asset freeze during bankruptcy proceeding, release of funds to pay for defense of serious criminal charges, because failure to do so would likely result in irreparable harm); *In re CyberMedica, Inc.*, 280 B.R. 12, 18–19 (Bankr.Ct.D.Mass.2002) (granting relief from automatic stay in bankruptcy because directors and officers would suffer irreparable harm if prevented from exercising rights to legal defense payments under D & O policy); *cf. Flood v. ClearOne Commc'ns, Inc.*, No. 08–cv–631, 2009 WL 87006, at *6, 2009 U.S. Dist. LEXIS 2145, at *15–16 (D.Utah Jan. 12, 2009), injunction vacated on other grounds at 618 F.3d 1110 (10th Cir. 2010) (finding irreparable harm and granting injunctive relief where insured "face[d] a criminal trial in less than three weeks" and "[i]n the absence of continued payment of fees and costs by ClearOne, Ms. Flood's counsel ha[d] represented to the Court that they cannot continue representation"); *Great Am. Ins. Co. v. Gross*, No. 05–cv–159, 2005 WL 1048752, at *4, 2005 U.S. Dist. LEXIS 8003, at *13–14 (E.D.Va. May 3, 2005) (granting preliminary injunction compelling insurer to resume advancement of defense costs, because insured faced prospect of "massive civil liability due to ... complex, fact intensive actions" and "[t]he practical effect of Plaintiff's failure to advance costs of defense to Moving Defendants would be to cause [insureds' counsel] to withdraw"); *Emons Indus., Inc. v. Liberty Mutual Ins. Co.*, 749 F.Supp. 1289, 1293 (S.D.N.Y.1990) (finding irreparable harm where insurer sought to force insured whose policy covered defense costs to replace his attorney of a decade); *Nu–Way Envtl., Inc. v. Planet Ins. Co.*, No. 95–cv–573, 1997 WL 462010, at *2–3, 1997 U.S. Dist. LEXIS 11884, at *7 (S.D.N.Y. Aug. 5, 1997) (emphasis added).

WHEREFORE, Plaintiffs Martinsville Corral, Inc. d/b/a Martinsville Texas Corral, Victor A. Spina and William Spina pray that the Court award them actual and consequential damages, exemplary and punitive damages, costs, and reasonable attorney's fees, and preliminarily and permanently enjoin Defendant Society Insurance from failing to defend and indemnify Plaintiffs, and from failing to reimburse and/or advance their defense costs related to the claims asserted by DirecTV, and for all other just and proper relief.

## DEMAND FOR JURY

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiffs hereby demand a trial by jury in this action of all issues so triable.

DATED: 8-11-2016 , 2016.

Respectfully submitted,

By: _____
Paul B. Overhauser (10275-98)
Ronald G. Sentman (2109-49)
**OVERHAUSER LAW OFFICES LLC**
740 W. Green Meadows Dr., Suite 300
Greenfield, IN 46140-4019
Phone: 317-891-1500
Attorneys for Plaintiffs Martinsville Corral, Inc. d/b/a Martinsville Texas Corral, Victor A. Spina and William Spina