# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| MARTINSVILLE CORRAL, INC., d/b/a Martinsville Texas Corral, VICTOR A. SPINA, and WILLIAM SPINA, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:17-cv-03103-TWP-DML |
| SOCIETY INSURANCE, | ) ) ) |
| Defendant. | ) |

## ORDER ON MOTION TO REMAND

This matter is before the Court on Plaintiffs', Martinsville Corral, Inc. d/b/a Martinsville Texas Corral, Victor A. Spina, and William Spina (collectively, "MCI"), Motion to Remand ([Filing No. 9](#)). MCI filed an action in state court against Defendant Society Insurance ("Society"), seeking insurance coverage for its alleged theft of satellite television programming. The case was removed to this Court on September 7, 2017 ([Filing No. 1](#)). MCI argues that this case should be remanded to the Marion Superior Court because MCI seeks damages of less than $75,000.00, and therefore, does not meet the amount in controversy threshold for diversity jurisdiction under 28 U.S.C. § 1332 ([Filing No. 9](#)). Society asserts that jurisdiction in federal court is proper because MCI filed another action involving the same parties, facts, and legal theories wherein it seeks more than $75,000.00 in damages, demonstrating that the amount in controversy here meets the jurisdictional threshold ([Filing No. 15-1](#)). For the following reasons, the Motion is **denied**.

## I. BACKGROUND

Martinsville Texas Corral is a restaurant located in Martinsville, Indiana. On December 6, 2013, Society issued a certain business owners' insurance policy for tavern and restaurant owners

(the "Policy") to MCI (Filing No. 1-7 at 2; Filing No. 1-8). Under the terms of the Policy, Society was to provide MCI with general liability coverage, including coverage for sums MCI is "legally obligated to pay as damages because of 'bodily injury,' 'property damage,' or 'personal and advertising injury'" to which the Policy applies, and has a duty to defend MCI in any lawsuit seeking such damages. (Filing No. 1-8 at 71.) However, the Policy does not require Society to pay for liabilities or defend MCI in lawsuits seeking damages related to any harm not explicitly covered by the Policy (Filing No. 1-8 at 71).

On January 26, 2015, DirectTV, LLC ("DirectTV") filed two lawsuits against MCI, in which DirectTV alleged that MCI received, transmitted, and exhibited satellite television programs in their restaurants in violation of the Cable Communications Policy Act of 1984, 47 U.S.C. § 521, *et seq.* (collectively, the "DirectTV Action").[1] *DirectTV, LLC v. Martinsville Corral, Inc.*, No. 1:15-cv-00104-JMS-TSB (S.D. Ind. filed Jan. 26, 2015); *DirectTV, LLC v. T.C. of Martinsville, LLC*, No. 1:15-cv-00105-TWP-TAB (S.D. Ind. filed Jan. 26, 2015). MCI requested that Society defend and indemnify it in relation to the DirectTV Action. (Filing No. 1-7 at 2.) Despite MCI's request, Society refused to defend MCI in the DirectTV Action on February 10, 2015, stating that the damages claimed by DirectTV were not covered by the Policy. (Filing No. 1-1 at 2.)

MCI initiated its first lawsuit against Society in the Marion Superior Court—an Indiana state court—on August 11, 2016 ("the First Action") (Docket No. 10 at 8-14).[2,3] MCI alleged that

---

[1] DirectTV's separate lawsuits against MCI were consolidated into a single action on July 6, 2015. *DirectTV, LLC v. Martinsville Corral, Inc.*, No. 1:15-cv-00104-JMS-TAB (S.D. Ind. July 6, 2015) (order consolidating case with Cause No. 1:15-cv-00105-TWP-TAB).

[2] The Court takes judicial notice of all filings in the First Action. *See Parungao v. Community Health Sys., Inc.*, 858 F.3d 452, 457 (7th Cir. 2017) ("Courts may take judicial notice of court filings and other matters of public record when the accuracy of those documents reasonably cannot be questioned.")

[3] The Court refers to documents filed in the First Action using the term "Docket No.," whereas documents filed within the instant action are referenced using the term "Filing No."

Society breached the Policy, its duties to defend and indemnify MCI, its fiduciary duties, and its duties of good faith and fair dealing, by failing to investigate and defend MCI in the DirectTV Action (Docket No. 10 at 8-14). Society removed the First Action to this Court on September 16, 2016 (Docket No. 1), and filed an Answer to MCI's original Complaint on October 21, 2016 (Docket No. 12). With its Answer, Society attached a full and complete copy of the Policy, including an Employment-Related Practices Endorsement ("the Endorsement") that was incorporated into the Policy (Docket No. 12-1). On April 11, 2017, MCI and Society entered into a settlement agreement, through which the parties agreed to dismiss all of MCI's claims against Society with prejudice, other than its breach of contract claim[4] (Docket No. 29; Docket No. 30). While the parties' settlement was pending, the DirectTV Action was dismissed on May 9, 2017 (Docket No. 34-1 at 3). The Court approved the parties' settlement agreement on May 15, 2017, and dismissed Counts II-V of MCI's original Complaint with prejudice, leaving MCI's breach of contract claim as the only unresolved claim in the First Action (Docket No. 30).

On May 19, 2017, MCI informed Society that it had recently learned about the Endorsement to the Policy, which provided that Society would cover MCI for any damages it sustained as a result of "wrongful acts" covered by the Policy, and that it believed Society was obligated to cover its expenses related to the DirectTV Action based on the Endorsement (Docket No. 12-1 at 25; Docket No. 68-9). Additionally, MCI sought to amend its original Complaint in the First Action on June 6, 2017, in order to renew its claims that had been previously dismissed and assert new claims related to the Endorsement (Docket No. 34; Docket No. 34-1). MCI specifically argued that it was entitled to leave to amend its original Complaint because it only learned about the Endorsement and its relationship to this dispute on May 31, 2017 (Docket No.

---

[4] The parties' settlement agreement also precluded MCI from pursuing its breach of contract claim under a theory of bad faith (Docket No. 30).

3

34 at 3-4). Furthermore, in its proposed Amended Complaint, MCI admitted that "[t]his Court has jurisdiction under 28 USC § 1332 because of the diversity of the parties, and the amount in controversy exceeds $75,000" (Docket No. 34-1 at 1). The Court denied MCI leave to amend its original Complaint on July 13, 2017, determining that MCI should have been aware of the Endorsement at least since Society answered the original Complaint on October 12, 2016 and that any claims related to the Endorsement were not brought in a timely enough manner to justify granting leave to amend (Docket No. 53).

On August 11, 2017, MCI filed this case in the Marion Superior Court (the "Instant Action") ([Filing No. 1-7](#)). In its Complaint, MCI asserted that Society breached the Policy, as well as its duty to defend, its fiduciary duties, and its duty of good faith and fair dealing, by failing to investigate, defend, and indemnify them for the DirectTV Action pursuant to the Endorsement ([Filing No. 1-7 at 3-5](#)). Additionally, MCI specifically stated in its Complaint that it "seek[s] to recover less than $75,000 in damages" and prays for an award of "actual damages, costs, and reasonable attorney's fees, in an amount not to exceed $75,000" ([Filing No. 1-7 at 1-5](#)). Society removed the Instant Action to this Court on September 7, 2017, asserting that the Court has diversity jurisdiction over this dispute because MCI seeks the exact same damages that it seeks in the First Action, where MCI admitted its damages would exceed $75,000.00 ([Filing No. 1 at 2-5](#)).

MCI filed a Motion to Remand on October 3, 2017 ([Filing No. 9](#)). MCI argues that remand of the Instant Action is proper because the Court lacks subject matter jurisdiction in light of MCI's explicit statement that it seeks less than $75,000.00 in damages ([Filing No. 9 at 5-7](#)). MCI further contends that the First Action is irrelevant to the current proceedings because the Instant Action is based solely on the Endorsement, which was not at issue in the First Action, and Society's behavior since May 2017 ([Filing No. 9 at 7-5](#)). Society opposes MCI's Motion to Remand because it claims

4

that the amount in controversy in the Instant Action exceeds $75,000.00 based on MCI's representations in the First Action ([Filing No. 15-1 at 7-8](#)).

## II. LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441, a defendant may remove any civil action from a State court to a federal district court if the district court would have original jurisdiction over that action. "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (quoting 28 U.S.C. § 1446(a)). When removal is premised upon the existence of diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy" unless (1) the initial pleading seeks nonmonetary relief or a monetary judgment for an unspecified amount, or (2) "the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds [$75,000.00]." 28 U.S.C. § 1446(c)(2); *see also*, *Owens*, 135 S. Ct. at 553-54. Therefore, "[w]hen the complaint includes a number [for the amount of damages at issue], it controls unless recovering that amount would be legally impossible." *Rising-Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283 (1938)). However, if the complaint omits an *ad damnum* clause specifying the amount of damages at issue, "the size of the claim must be evaluated in some other way." *Rising-Moore*, 435 F.3d at 815.

As the proponent of federal jurisdiction, the removing party "bears the initial burden of establishing 'by a preponderance of the evidence facts that suggest the amount-in-controversy requirement is met.'" *Williams v. Wal-Mart Stores East LP*, No. 1:16-cv-02210-RLY-MPB, 2017 WL 6997731, at *2 (S.D. Ind. Nov. 22, 2017) (quoting *Oshana v. Coca-Cola Co.*, 472 F.3d 506,

511 (7th Cir. 2006)); *see also*, *Sabrina Roppo v. Travelers Commerical Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017) (holding that the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional threshold if the plaintiff challenges the defendant's amount in controversy allegation). Because courts "have acknowledged the difficulty a defendant faces when the plaintiffs, who control the allegations of the complaint, do not want to be in federal court and provide little information about the value of their claims," a removing party must only "establish the amount in controversy by a good faith estimate that is 'plausible and adequately [supported] by the evidence.'" *Sabrina Roppo*, 869 F.3d at 579 (quoting *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011). However, mere speculation that the amount in controversy meets the jurisdictional threshold will not satisfy the removing party's burden. *See Walker v. Trailer Transit, Inc.*, No. 1:13-cv-00124-TWP-DKL, 2013 WL 2637404, at *2 (S.D. Ind. June 12, 2013). "If the removing party is able to meet this burden, then remand is appropriate only if the plaintiff can establish the claim is for less than the requisite amount to a 'legal certainty.'" *Sabrina Roppo*, 869 F.3d at 579 (quoting *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)); *see also*, *Oshana*, 472 F.3d at 511.

### III. DISCUSSION

Although MCI argues that its Complaint in the Instant Action contains a controlling *ad damnum* clause because it states that it seeks to recover "less than $75,000" in damages, the Court disagrees. MCI's Complaint does not specify an exact damages amount; instead, the Complaint seeks only to impose a general limit on the amount of alleged damages MCI hopes to obtain. ([Filing No. 1-7 at 2-5](#).) Without any greater specificity, the Court cannot consider MCI's damages allegation as a controlling *ad damnum* clause. *See Llano Fin. Grp., LLC v. Prince*, No. 2:15-CV-297, 2016 WL 739278, at *6 (N.D. Ind. Feb. 25, 2016) (concluding that a statement claiming that the damage amount "exceeds $75,000.00" was insufficient to provide a controlling *ad damnum*

6

clause to satisfy the jurisdictional threshold); *cf.*, *Overton & Sons Tool & Die Co., Inc. v. Precision Tool, Die & Machine Co., Inc.*, No. 1:13-cv-01302-TWP-DKL, 2014 WL 1669863, at *3 (S.D. Ind. Apr. 28, 2014) (determining that an *ad damnum* clause alleging an amount in controversy of exactly $167,418.00 controlled when determining the actual amount in controversy). Moreover, MCI does not otherwise explicitly disclaim any damages exceeding $75,000.00 in order to restrict federal jurisdiction. *See Oshana*, 472 F.3d at 511-12 (concluding that a binding, express disclaimer of damages exceeding $75,000.00 can defeat federal subject matter jurisdiction). Without a specific *ad damnum* clause or a binding disclaimer of damages exceeding $75,000.00, the damages allegations within MCI's Complaint cannot prevent federal subject matter jurisdiction in the Instant Action.

Because MCI's Complaint does not contain a controlling *ad damnum* clause, Society, as the proponent of federal jurisdiction, bears the burden of demonstrating that the amount in controversy meets the $75,000.00 jurisdictional threshold by a preponderance of the evidence. *See Oshana*, 472 F.3d at 511. Society argues that the amount in controversy in the Instant Action meets the jurisdictional threshold because the damages sought in the First Action, which is based on the same Policy and asserts the same legal theories that are at issue in the Instant Action, exceed $75,000.00 ([Filing No. 15-1 at 7-10](#)). Furthermore, Society points out that MCI confirmed the amount in controversy in the First Action exceeded $75,000.00 when it sought leave to amend its original Complaint ([Filing No. 15-1 at 7](#)). While MCI asserts that its claims in the Instant Action are narrower than its claims in the First Action because it asserts here that Society breached the Policy based on only the Endorsement ([Filing No. 9 at 7](#)), this narrower view of the Policy does not establish that MCI would be entitled to less than $75,000.00 in damages. Nothing in the record suggests that MCI sustained any less harm as a result of the DirectTV Action under this narrower

7

perspective or that MCI would be entitled to recover any less damages for breaching the Policy than it would in the First Action based only on the Endorsement. Because MCI's damages under the Policy would seemingly be the same in the Instant Action as they would be in the First Action, the Court concludes that Society as sufficiently demonstrated by a preponderance of the evidence that the amount in controversy meets the jurisdictional threshold. As such, the Court maintains subject matter jurisdiction over the Instant Action.

### IV. **CONCLUSION**

For the reasons stated above, the Court **DENIES** MCI's Motion to Remand ([Filing No. 9](Filing No. 9)).

**SO ORDERED**.

Date: 2/23/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

April M. Jay
OVERHAUSER LAW OFFICES LLC
ajay@overhauser.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES, LLC
poverhauser@overhauser.com

Jason R. Fathallah
von BRIESEN & ROPER, s.c.
jfathall@vonbriesen.com

Nelson A. Nettles
LEBLANC NETTLES DAVIS
nelson@indianalawgroup.com

Heidi L. Vogt
von BRIESEN & ROPER, s.c.
hvogt@vonbriesen.com