UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MARTINSVILLE CORRAL, INC., VICTOR A. SPINA, and WILLIAM SPINA, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 1:17-cv-03103-TWP-DML ) |
| SOCIETY INSURANCE, | ) ) |
| Defendant. | ) |

## Order on Society's Motion for Rule 11 Sanctions and the Plaintiffs' Motion for Section 1927 Sanctions

Defendant Society Insurance moves the court to enter sanctions under Rule 11 on the ground that the plaintiffs' complaint "is not supported by existing law or a non-frivolous argument for establishing new law" and "was filed for an improper purpose." It asks the court to require the plaintiffs and their counsel to pay Society's fees in this case, including fees incurred in bringing the Rule 11 motion. The plaintiffs seek sanctions too. They contend that Society's filing of its Rule 11 motion was "unreasonable and vexatious" conduct for which Society's counsel should be sanctioned under 28 U.S.C. § 1927.

### Procedural History

A procedural history is necessary to understand the context of both sanctions motions. The plaintiffs (Martinsville Corral, Inc. and its two principals) first sued Society Insurance in August 2016 in the Marion Superior Court, alleging that

Society breached the parties' insurance contract, and acted in bad faith in doing so, by refusing to defend (and ultimately to indemnify) the plaintiffs against two lawsuits brought against them by DirecTV. Society Insurance removed the coverage lawsuit to this court on September 16, 2016, and it was assigned Case No. 1:16-cv-2487-LJM-MPB.[1] The parties later reached a partial settlement, approved by the court on May 15, 2017, that dismissed with prejudice all of the plaintiffs' claims except their breach of contract claim (but including the dismissal of the bad faith claim, which was characterized by the plaintiffs in their complaint variously as bad faith, tortious breach of contractual duties to defend and to indemnify, breach of fiduciary duty, and breach of covenant of good faith and fair dealing).

Nearly immediately after the settlement, the plaintiffs on May 23, 2017, raised during a conference with Judge McKinney the prospect of filing an amended complaint and, two weeks later, they moved for leave to amend their complaint. *See* 16-2487, Dkts. 33 and 34. Their proposed amended complaint asserted claims that Society Insurance was liable for breach of contract (for defense and indemnity). It also pled the same bad faith theories as the original complaint had, but this time based on a provision of the insurance contract (an employment endorsement) that the plaintiffs claimed they had been unaware of when they filed the suit initially and apparently also when they settled all the other bad faith/tort type claims. (*See* Case 16-2487, Dkt. 34). Society opposed the motion to amend on numerous

---

[1] District Judge Tanya Walton Pratt was assigned the case after Judge Larry J. McKinney's untimely death in 2017.

grounds, including that the plaintiffs had already settled all claims except for breach of contract. Society also maintained that the amendment was being brought in bad faith, and that the plaintiffs' counsel's assertion that he had only recently become aware of the employment endorsement was wrong. Society demonstrated that a complete copy of the insurance policy was attached to its answer filed in October 2016.

Judge McKinney denied the plaintiffs' motion to amend on July 13, 2017. Case 16-2487, Dkt. 53. He found that the plaintiffs had had the full policy since October 2016, including the employment endorsement, and that they would not be permitted to raise claims based on this clause that they already had settled. *Id.* at pp. 2-3 ("After failing to avail themselves of any perceived relevance of the [employment endorsement] clause to their position, and after having settled the matter on the same assertions under different clauses, Plaintiffs cannot be permitted to bring an amended complaint on these issues.")

About two weeks later on July 28, 2017, the plaintiffs filed a motion for summary judgment in Case 16-2487, arguing that Society Insurance had breached the insurance contract because, among other reasons, it had refused defense and coverage under the employment endorsement. *See* Dkt. 55 in Case 16-2487, including at pp. 13, 24.

The plaintiffs then filed a new lawsuit against Society Insurance in Marion Superior Court on August 11, 2017, seeking relief based on the employment endorsement clause under the same tort-type claims (bad faith, tortious breach,

3

breaches of fiduciary duty and of covenant of good faith and fair dealing) for which Judge McKinney had denied leave to amend and found had been settled. *See* Dkt. 1-7. The plaintiffs included statements in their new state court complaint designed to prevent removal to federal court: paragraph 6 states that "Plaintiffs seek to recover less than $75,000 in damages" and the WHEREFORE clause states that they seek "an amount not to exceed $75,000."

Society Insurance nevertheless removed the new case to this court on September 7, 2017. The plaintiffs immediately moved to remand based on the complaint's statements that they were seeking less than $75,000 in damages. Society then (1) moved to consolidate the case with the 16-2487 case already pending before Judge McKinney; (2) moved to dismiss the complaint because the breach of contract claim was duplicated in the case already before Judge McKinney, because the bad faith/tort-type claims had been settled, and because Judge McKinney had refused to allow them to be raised by an amended complaint; (3) opposed the remand motion; and (4) moved for Rule 11 sanctions.

The plaintiffs then (1) moved for and were granted a stay from responding to Society's motion to dismiss until after their remand motion was decided, and (2) moved for sanctions against Society under 28 U.S.C. § 1927 on the ground that Society's Rule 11 motion was vexatious and unreasonable conduct.

The court denied the plaintiffs' motion to remand on February 23, 2018, and the plaintiffs filed their notice of voluntary dismissal of this case five days later, on February 28, 2018.

4

Any reasonable reader of the foregoing chronology easily could conclude that the plaintiffs' filing of their complaint in state court—seeking relief based on contract claims already pending in this court and on which they had filed a motion for summary judgment and bringing bad faith/tort-type claims that Judge McKinney had found could not be brought and had been settled—was beyond the bounds of reasonable advocacy and in bad faith. But that conclusion does not mean that this court can impose sanctions under Rule 11. The court will first address Society's motion for Rule 11 sanctions and then address the plaintiffs' motion for Section 1927 sanctions.

## Analysis

### Society Insurance's Motion for Rule 11 Sanctions

**I.     A Rule 11 sanction must be based on filings in federal court.**

Rule 11 governs a party's filing of a "pleading, written motion, or other paper," and provides that an attorney's presenting to the court any such paper— "whether by signing, filing, submitting, or later advocating it"—is a certification that, among other things, the paper is not being presented for an improper purpose and the claims or legal contentions in the paper are warranted by law or a nonfrivolous argument for changing existing law or making new law. Fed. R. Civ. P. 11(b)((1), (2).

Rule 11, like all of the federal rules of civil procedure, applies *after* a case is removed from state court. *See* Fed. R. Civ. P. 81(c)(1) ("These rules apply to a civil action after it is removed from a state court.") Thus, a sanction under Rule 11

5

cannot apply to what a litigant did in state court; it must be grounded on the attorney's actions in signing, filing, submitting, or later advocating a paper in federal court. As the Seventh Circuit found in *Bisciglia v. Kenosha Unified School District No. 1,* 45 F.3d 223 (7th Cir. 1995), Rule 11 sanctions cannot be imposed based on a complaint the plaintiff filed in state court before removal or based on the plaintiff's opposition to the defendant's motion for summary judgment where the plaintiff stated he did not wish to pursue the original claims filed in state court but instead wanted to amend to bring a different theory. The court explained:

> [R]ule 11 sanctions could only have been appropriately awarded in this case based upon frivolous filings in the federal district court. For example, Rule 11 sanctions could be imposed if [the plaintiff] signed and filed an amended complaint that violated Rule 11, or signed and filed any paper opposing the dismissal of his frivolous complaint. *See Schoenberger,* 909 F.2d at 1088. Here, [the plaintiff's] brief opposing defendants' summary judgment motion argued that defendants' motion was moot in light of his proposed amended complaint abandoning all of his original claims.

*Id.* at 227.

The Seventh Circuit has consistently held before and after *Bisciglia* that a Rule 11 sanction can be based only on a filing in federal court and cannot be based solely on the filing of a state court complaint unless the plaintiff makes some later filing in federal court advocating for that complaint. *See Maciosek v. Blue Cross & Blue Shield United of Wisconsin,* 930 F.2d 536, 541 (7th Cir. 1991) (while Rule 11 sanctions could not be imposed based on the plaintiff's filing of a complaint in state court, they could be imposed based on the plaintiff's opposing in federal court the defendant's Rule 12(b)(6) motion to dismiss the claims in that complaint);

6

*Schoenberger v. Oselka,* 909 F.2d 1086, 1087-88 (7th Cir. 1990) (Rule 11 sanctions not available based on state court complaint where, after removal, the plaintiff did not amend or file any paper opposing the dismissal of the allegedly frivolous complaint); *Dahnke v. Teamsters Local 695,* 906 F.2d 1192, 1201 (7th Cir. 1990) (district court's Rule 11 sanctions were reversed because they were not grounded in the filing of any specific document; on remand, court could impose sanctions if it could identify specific federal court filings that articulated a frivolous position). *See also Singh v. Curry,* 1995 WL 632464 at *3 (7th Cir. Oct. 25, 1995) (unpublished) (where plaintiffs' complaint was not frivolous when filed but later case law should have alerted the plaintiff to the now-unreasonable nature of his complaint, sanctions could not be based on the initial complaint but must be grounded in subsequent papers advocating for the now-frivolous claim).

The results in these cases are consistent with the 1993 amendments to Rule 11 and the Committee Notes' explanation that even if a filing does not violate Rule 11 standards when made, if the lawyer later "reaffirms" or "advocates" positions contained in such filings, Rule 11 standards apply to that later reaffirmation or advocation. *See* Advisory Committee Notes to 1993 amendment to Rule 11: "[I]f after a notice of removal is filed, a party urges in federal court the allegations of a pleading filed in state court (whether as claims, defenses, or in disputes regarding removal or remand), it would be viewed as "presenting"—and hence certifying to the district court under Rule 11—those allegations.

7

## II. The plaintiffs studiously avoided advocating the merits of their state court complaint while in federal court.

Society's opening brief in support of its Rule 11 sanctions motion focuses on the contents of the plaintiffs' complaint filed in state court. Society argues that Rule 11 sanctions should be imposed because the claims in the state court complaint "have no legally sufficient basis and were asserted for an improper purpose," because the plaintiffs "filed this action with an improper purpose," and/or because there is sufficient basis for inferring "bad faith in filing" the state court complaint. *See* Dkt. 29 at pp. 7, 10. Its request for relief asks the court to find that the plaintiffs' "Verified Complaint for Damages is not supported by existing law or a non-frivolous argument for establishing new law" and that the plaintiffs "filed suit for an improper purpose." *Id.* at 12-13.

In response to Society's Rule 11 motion, the plaintiffs carefully, and obviously intentionally, avoided advocating for the merits of their complaint or their actions in filing it in state court. They opposed sanctions based only on the proposition that they cannot be sanctioned under Rule 11 for the filing of the complaint because that happened in state court.

In its reply brief, Society urges that it was not simply complaining about the complaint's filing in state court, but it was complaining about the plaintiffs' advocacy of the complaint in other filings made in federal court. It urges the court to consider the following federal court filings as having advocated for the state court complaint, thus permitting the court to award Rule 11 sanctions: (1) the plaintiffs'

8

motion to remand, memorandum in support, and reply brief and (2) their motion to stay their deadline to respond to Society's Rule 12(b)(6) motion to dismiss.

The court declines to accept this argument for two reasons. First, Society did not clearly raise this matter in its opening brief—which did not expressly mention the plaintiffs' advocating for the complaint by moving to remand or by moving to stay their deadline to respond to the motion to dismiss—even though Society knew based on the plaintiffs' response to its Rule 11 pre-motion notice (*see* Rule 11(c)(2)) that one of the plaintiffs' arguments was that Rule 11 could not apply to a state court filing. Second, it's too much a stretch to conclude that the plaintiffs' remand arguments "advocated" for the frivolous claims in the complaint. And it would not be consistent with the holdings of the Seventh Circuit—described above—that require a substantive position taken in a specific federal filing to warrant Rule 11 sanctions.

The plaintiffs' remand arguments were based on the complaint's allegations that they were seeking to recover less than $75,000 in damages or an amount not to exceed $75,000. They argued that those statements in the complaint must be accepted "as a controlling *ad damnum* clause" under 28 U.S.C. § 1446(c)(2), thereby preventing the district court from exercising jurisdiction over the complaint. *See* Dkt. 9 at pp. 6-7. They also asserted that the "no more than $75,000" statement was not inconsistent with a statement they made in Case No. 16-2497 that the insurance claims at issue were valued at more than $75,000 (which, they also claimed, should not be considered anyway) because the state court complaint was

9

narrower—based only on the employment endorsement—than their proposed amended complaint had been in Case No. 16-2497.

Though ultimately the district court rejected the plaintiffs' contentions about the amount in controversy (and therefore denied the plaintiffs' remand motion), the plaintiffs' argument for remand based on the controlling nature of an *ad damnum* clause is too attenuated and collateral to the merits of the substantive claims in the complaint to constitute advocacy of the claims. Perhaps there is a kernel of advocacy of the state court complaint in the plaintiffs' argument in their remand brief that the "no more than $75,000" allegation was not inconsistent with what it had represented in Case No. 16-2497 because the state court complaint was "narrower." It is only a kernel, however. And it is still the case that Society Insurance did not clearly articulate until its Rule 11 reply brief that it was relying on a remand filing as the federal advocacy of a frivolous state court filing.

The court also cannot find that the plaintiffs' filing of a motion to stay their deadline to respond to Society's Rule 12(b)(6) motion constitutes advocacy of the state court complaint. Indeed, the apparent purpose of filing the motion to stay was to avoid advocating for the merits of the substantive allegations in the state court complaint. That purpose is evident in all of the plaintiffs' actions in this court: their remand motion focused on the controlling nature of an *ad damnum* clause to deprive the federal court of any jurisdiction, they avoided responding to a dismissal motion, they chose not to respond to a motion to seal documents filed in connection with Society's dismissal motion, they avoided addressing the merits of their claims

10

in responding to Society's Rule 11 motion, and they filed a Rule 41 voluntary dismissal of their complaint immediately after the court denied the remand motion.

Because the plaintiffs did not file a groundless or frivolous paper in federal court or advocate in this court in favor of a frivolous or groundless paper filed in state court, the court DENIES Society Insurance's motion (Dkt. 28) for Rule 11 sanctions.

The plaintiffs should find no solace in escaping Rule 11 sanctions. Their behavior is condemned by this court. That condemnation may not help Society pay its legal fees, but the plaintiffs' counsel should make no mistake that the court considers his behavior to have exceeded the bounds of appropriate litigation conduct.

## The Plaintiffs' Motion for Section 1927 Sanctions

### I. Section 1927 sanctions require a finding of bad faith.

Section 1927 permits a court to sanction a lawyer and require him (and his law firm) to pay attorneys' fees incurred by his opponent because of unreasonable and vexatious conduct that "multiples the proceedings." The statute, 28 U.S.C. § 1927, reads:

> Any attorney . . . who so multiples the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

An attorney may be sanctioned under this statute only if his conduct was in bad faith, either objectively or subjectively. If the conduct lacked an objectively colorable basis, meaning that the lawyer "pursue[d] a path that a reasonably careful

attorney would have known, after appropriate inquiry, to be unsound," then the lawyer can be sanctioned for engaging in unreasonable and vexatious conduct under Section 1927. *Dal Pozzo v. Basic Machinery Co.,* 463 F.3d 609, 614 (7th Cir. 2006). If the conduct "under consideration had an objectively colorable basis," then a Section 1927 sanction cannot be imposed unless the court finds that the lawyer acted subjectively in bad faith.

**II.** **Society's lawyers did not act in bad faith in filing the Rule 11 motion.**

The court rejects the plaintiffs' argument that the Rule 11 motion lacked an objectively colorable basis. And there is nothing to support a finding of subjective bad faith. While Society's opening Rule 11 brief did not precisely articulate the position that the plaintiffs had implicitly advocated for their state court complaint by making any filings in federal court to keep the complaint alive or the position that the plaintiffs had directly advocated for the complaint in the remand briefs by discussing the "narrower" nature of the claims as compared to the first suit, the court understood those theories, and they do not lack a colorable basis. The plaintiffs' motion (Dkt. 33) for Section 1927 sanctions is DENIED.

## Conclusion

For the foregoing reasons, (1) Society Insurance's motion for Rule 11 sanctions (Dkt. 28) is DENIED and (2) the plaintiffs' motion for sanctions under 28 U.S.C. § 1927 (Dkt. 33) is DENIED.

So ORDERED.

Dated: June 1, 2018

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

12

Distribution:
All ECF-registered counsel of record by email through the court's ECF system